In re Louise G. YOUNG, Debtor.

EMC Mortgage Corporation Successor in interest to Chase Manhattan Mortgage Corp. f/k/a Chemical Residential Mortgage Corp., Movant,

v.

Louise G. Young and Charles J. DeHart, III, Esq., Trustee, Respondent.

No. 5–01–04653.

United States Bankruptcy Court, M.D. Pennsylvania.

Nov. 21, 2003.

Heidi Spivak, Esq., for Movant.

Jason Christman, Esq., for Respondents/Debtors.

Agatha McHale, Esq., for Respondent/Trustee.

## *OPINION*

JOHN J. THOMAS, Chief Judge.

Chase Manhattan Mortgage Corporation has filed a Motion for Relief from the automatic stay alleging that the Debtor, Louise Young, has failed to pay post-bankruptcy property taxes as required by her confirmed plan. There is no dispute of the material facts, which were presented to me in the form of a Stipulation filed April 15, 2003 and an agreement that the Court could look to the entire record of the case to review exhibits and analyze documents.

At the outset, it should be noted that the Debtor initiated this Chapter 13 on November 14, 2001. Subsequently, her Plan was confirmed on February 7, 2002. Pursuant to claims litigation with the Debtor's current mortgagee, EMC Mortgage Corporation, on April 2, 2002, the parties entered into a "Consent Order", which was jointly executed by counsel for the parties and approved by the Court.

In a nutshell, the Plan and Consent Order effected a process by which the Debtor would "cure and maintain" the mortgage held by Movant over the life of Debtor's Plan. Furthermore, the Debtor would "cramdown" Movant's mortgage of approximately $105,000.00, to a value of $63,000.00, payable at a rate of 8.5% per annum.

Pursuant to the Plan and this agreement, the Debtor has made monthly payments of $776.00, an amount similar to her scheduled mortgage payments prior to the bankruptcy filing.

The Movant has applied the monthly receipt of $776.00 to an amortization of its total stripped-down principal obligation of $63,000.00, when amortized at 8.5% over the five years of the plan. Reference to appropriate tables suggest such a sum would require a regular payment of $1,292.54 to maintain current status and reduce the balance to zero at the conclusion of a five year term. Movant, relying on *Associates Commercial Corp. v. Rash,* 520 U.S. 953, 964, 117 S.Ct. 1879, 138 L.Ed.2d 148 (1997) and *In re Session,* 128 B.R. 147, 151 (Bankr.E.D.Tex.1991), argues the Code requires that cramdowns be paid in full over the life of the plan. That is the reason it applied the payment as it did.

The Debtor, on the other hand, maintains that the Plan incorporates the terms of the mortgage and the mortgage provides that the monthly payment shall include an escrow for property taxes to be used by the mortgagee to pay current taxes. The Debtor advances that the property taxes should have been paid using this escrow and the Movant's failure to maintain this fund was a breach of the mortgage obligation.

Turning first to the Movant's position, I acknowledge that there is case law that suggests a reading of 11 U.S.C. § 1325(a)(5) requires that a cramdown be effectuated within the life of the Plan and not be allowed to extend through the term of the mortgage sessions. *Id.*[1]

---

1. See, however, dicta to the contrary in *Sapos v. Provident Inst. of Savings,* 967 F.2d 918, 922 (3d Cir.1992) ("a debtor who bifurcates an allowed claim under section 506(a) can use the cure and maintenance provisions of section 1322(b)(5) only if the debtor both pays arrearages within a reasonable time and continues to make the monthly payments due in

Notwithstanding that authority, the Plan and/or the Consent Order say no such thing. The Consent Order provides, "Debtor shall be required to abided (sic) by the terms and conditions as set forth in the mortgage, including but not limited to payment of real estate taxes and insurance." (Consent Order Doc. # 11.) In turn, the mortgage provides, at paragraph 2.

2. **Monthly Payments of Taxes, Insurance and other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, . . .

The mortgage then addresses the application of that receipt in paragraph 3.

3. **Application of Payments.** All payments under paragraph 1 and 2 shall be applied by Lender as follows:

*First,* to the mortgage insurance premium to be paid by Lender to the Secretary or the monthly charges by the Secretary instead of the monthly mortgage insurance premium;

*Second,* to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

*Third,* to interest due under the Note;

*Fourth,* to amortization of the principal of the Note;

*Fifth,* to late charges due under the Note.

(Proof of Claim # 1 at Exhibit A.)

The Debtor committed herself to pay the current taxes as provided in the mortgage. In turn, the mortgage also required Movant to maintain an escrow. Neither the Plan nor the Consent Order sets forth

a monthly payment sufficient to allow the crammed-down sum of $63,000.00 to be amortized over the life of the Plan.

Regardless of whether the cramdown amount should have been paid over the life of the Plan, I am satisfied that the principles of finality compel a finding that the Movant has acceded to a different treatment by allowing the Plan to be confirmed. *In re Szostek,* 886 F.2d 1405, 1411 (3rd Cir.1989). The Plan requires the Movant pay the property taxes "as they become due". The Debtor remains current with her commitments under the Mortgage, the Plan and the Consent Order. The Movant has shown no cause to have the automatic stay terminated.

An Order will follow.

## ORDER

For those reasons indicated in the Opinion filed this date, **IT IS HEREBY**

**ORDERED** that Movant's Motion for Relief from the Automatic Stay is DENIED.

---

accordance with the original terms of the note until the principal has been paid in an amount equal to the value of the property established under section 506(a).")